UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARLIN BEVLY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:16CV00965 ERW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Marlin Bevly's Motion to Correct Sentence under 28 U.S.C. § 2255 [ECF No. 1].

**I. BACKGROUND**

On February 21, 2008, Petitioner Marlin Bevly ("Petitioner") was indicted for the federal offense of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On May 23, 2008, Petitioner pled guilty to the charge.

To determine Petitioner's sentence, the Court used the 2007 Guidelines Manual and calculated Petitioner's base offense level under § 2K2.1(a)(4)(A) at 20. Four levels were added pursuant to § 2K2.1(b)(6), because Petitioner possessed the firearm in connection with another felony offense. He received a ten-level increase as an Armed Career Criminal, because he had a conviction with six separate counts of Robbery in the First Degree, and two counts of Robbery in the Second Degree. He received a three-level reduction for acceptance of responsibility. His total offense level was 31, and his criminal history category was VI. The guideline range was 188 to 235 months. The statutory minimum of imprisonment was fifteen years, and the maximum term was life, with a term of supervised release not to exceed five years.

1

On August 7, 2008, the Court sentenced Petitioner to 180 months imprisonment, and a five-year term of supervised release. After the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2251 (2015), Petitioner filed the present motion to correct his sentence asserting he is no longer an armed career criminal in light of the Supreme Court's decision in *Johnson*.

## II.     ANALYSIS

Petitioner asserts the Missouri offenses of Robbery in the First Degree and Robbery in the Second Degree no longer qualify as violent felonies for purposes of the Armed Career Criminal Act ("ACCA"), because they no longer qualify as crimes of violence under the "force clause" of the ACCA. The United States argues Petitioner does not qualify for *Johnson* relief, because he was not sentenced under the residual clause of the ACCA, which was deemed unconstitutional by the Supreme Court in *Johnson*, and even if he was eligible, Robbery in the First Degree and Second Degree qualify as violent felonies.

### A.     *Johnson* Relief

In *Johnson*, the Supreme Court determined the residual clause in the definition of "violent felony" in the ACCA was unconstitutionally vague. 135 S. Ct. 2551 (2015). In *United States v. Welch*, the Supreme Court ruled *Johnson* was a substantive new rule, retroactive on collateral review. 136 S. Ct. 1257 (2016). Therefore, any defendants who were determined to be Armed Career Criminals under the residual clause of the ACCA may seek collateral review of their sentences within one year of the Supreme Court's *Johnson* decision. The United States asserts Petitioner does not qualify for collateral review under *Johnson* because he was not sentenced under the residual clause.

The Court cannot determine whether Petitioner was sentenced under the residual clause of the ACCA. The presentence report filed at the time of his sentencing does not indicate under which clause he received the ACCA enhancement. The Statement of Reasons adopts the presentence report without change. In a situation where the Court cannot determine under what clause the prior offenses were determined to be predicate offenses, the better approach is for the Court to find relief is available, because the Court may have relied on the unconstitutional residual clause. *See Johnson v. United States*, No. 4:16-CV-00649-NKL, 2016 WL 6542860 at *2 (W.D. Mo. Nov. 3, 2016). Therefore, the Court will determine whether Petitioner's prior convictions qualify as predicate offenses under the remaining clauses of the ACCA.

B.     *Robbery in the First Degree*

The ACCA defines "violent felony" as:

> . . . any crime punishable by imprisonment for a term exceeding one year, . . . that (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924(e)(2)(B). The second half of (ii), "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is the "residual clause" which the Supreme Court found to be unconstitutional. The Court will analyze whether Petitioner's convictions for Robbery in the First Degree are predicate offenses under the first clause, the elements or use-of-force clause only, because it clearly is not one of the enumerated offenses listed in (ii).

In Missouri, in 1991, the year of Petitioner's convictions, Robbery in the First Degree occured when:

> a person . . . forcibly steals property and in the course thereof, he, or another participant in the crime, (1) causes serious physical injury to any person; or (2) is armed with a deadly weapon; or (3) uses or threatens the immediate use of a

3

dangerous instrument against any person; or (4) displays or threatens the use of what appears to be a deadly weapon or dangerous instrument."

Mo. Rev. Stat. § 569.020 (1991). A person "forcibly steals" when he "uses or threatens the immediate use of physical force upon the person of another . . ." Mo. Rev. Stat. § 569.010(1) (1991).

The Court applies the categorical approach to determine if a conviction qualifies as a crime of violence when the statute underlying the conviction is indivisible. *United States v. Bell*, No. 15-3506, slip op. at 3 (8th Cir. Oct. 28, 2016) (citing *United States v. Gordon*, 557 F.3d 623, 625 (8th Cir. 2009)). The categorical approach focuses on the generic elements of the offense, not on the specific underlying facts of the conviction. *Id*. Under the categorical approach, a court "must consider the lowest level of conduct that may support a conviction under the statute." *Id*. at 5. When a statute is divisible, or has multiple alternative elements, some of which qualify as violent felonies and some of which do not, the Court applies the modified categorical approach, which allows a sentencing court to look at a limited class of documents, the indictment, jury instructions, or plea agreement and colloquy, to determine what crime, with what elements, of which a defendant was convicted. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

The Court will apply the categorical approach to determine if Petitioner's conviction qualifies as a predicate offense under the ACCA. Missouri's statute for Robbery in the First Degree must contain as an element the use, attempted use, or threatened use of physical force against the person of another to qualify as a predicate offense under the ACCA. "Physical force" means "violent force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). "[T]he 'merest touch' is insufficient, but the 'degree of force necessary to inflict pain – a slap in the face for example' is

4

sufficient to establish 'physical force.'" *Bell*, slip op. at 5 (quoting *Johnson*, 559 U.S. at 143). In determining whether Missouri's statute qualifies, the Court must look at the language of the statute and the Missouri courts' interpretation of the elements of the statute. *Id*.

At first glance, Missouri's statute for Robbery in the First Degree appears to fit squarely in the elements clause of the ACCA. The statute uses the term "forcibly steals" and its definition is almost identical to the language contained in the elements clause of the ACCA. However, Robbery in the Second Degree also contains the phrase "forcibly steals" and the Eighth Circuit has recently determined Missouri's second-degree robbery statute does not necessarily require the use of violent force as one of its elements and it is not a violent felony. *See Bell*, No. 15-3506, slip op. at 7. Therefore, the Court must analyze the listed elements of Robbery in the First Degree that differentiate it from Robbery in the Second Degree to determine if Robbery in the First Degree is a violent felony.

The listed elements make clear Robbery in the First Degree is a violent felony. A person may commit Robbery in the First Degree when a person forcibly steals property and either causes serious physical injury, is armed with a deadly weapon, uses or threatens to use a dangerous instrument, or displays or threatens to use what appears to be a deadly weapon or dangerous instrument. This language satisfies the requirement of the use or threatened use of physical force or force capable of causing physical pain or injury to another. The use of violence is what differentiates Robbery in the First Degree and Robbery in the Second Degree. Therefore, the Court finds Missouri's statute for Robbery in the First Degree qualifies as a violent felony under the ACCA. *See also United States v. Sprous*, 389 Fed. App'x 826, 828 (10th Cir. 2010) ("There is no question that Missouri . . . first-degree robbery [is a] violent felon[y].").

    C.    *Robbery in the Second Degree*

The Eighth Circuit has definitively determined Missouri's statute for Robbery in the Second Degree does not qualify as a violent felony. *See Bess*, No. 15-3506, slip op. at 7. This ruling has no impact on Petitioner, because the Court has found Petitioner's six convictions for Robbery in the First Degree qualify as predicate offenses under the ACCA.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Marlin Bevly's Motion to Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.

So Ordered this 23d day of November, 2016.

                                                    */s/ E. Richard Webber*

                                        **E. RICHARD WEBBER**
                                        **SENIOR UNITED STATES DISTRICT JUDGE**