UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARLIN BEVLY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:16CV00965 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Marlin Bevly's Motion for Reconsideration of the Court's November 23, 2016 Memorandum and Order [ECF No. 9].

On November 23, 2016, this Court denied Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255, finding Petitioner remained an Armed Career Criminal because his prior convictions for robbery in the first degree in Missouri qualified as violent felonies under the Armed Career Criminal Act ("ACCA"). Petitioner now seeks reconsideration of the Court's order arguing one of the elements of robbery in the first degree, being armed with a deadly weapon, does not qualify as an element involving the use, attempted use, or threatened use of physical force. The Court agrees with Petitioner.

The ACCA defines "violent felony" as:

> . . . any crime punishable by imprisonment for a term exceeding one year, . . . that (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924(e)(2)(B).

1

In Missouri, in 1991, the year of Petitioner's convictions, Robbery in the First Degree occurred when:

> a person . . . forcibly steals property and in the course thereof, he, or another participant in the crime, (1) causes serious physical injury to any person; or (2) is armed with a deadly weapon; or (3) uses or threatens the immediate use of a dangerous instrument against any person; or (4) displays or threatens the use of what appears to be a deadly weapon or dangerous instrument."

Mo. Rev. Stat. § 569.020 (1991). A person "forcibly steals" when he "uses or threatens the immediate use of physical force upon the person of another . . ." Mo. Rev. Stat. § 569.010(1) (1991).

The Court applied the categorical approach to determine Petitioner's conviction for robbery in the first degree was a crime of violence, and a predicate offense under the ACCA. However, the Court failed to properly consider the lowest level of conduct that may support a conviction under this statute. *See United States v. Bell*, 840 F.3d 963, 966 (8th Cir. 2016). Petitioner correctly asserts one of the four elements of robbery in the first degree, being armed with a deadly weapon, does not qualify as an element involving the use, attempted use, or threatened use of physical force, because a person may forcibly steal while possessing a concealed weapon. *See United States v. Jones*, No. 04-362 (JRT/RLE), 2016 WL 4186929 at *4-5 (D. Minn. Aug. 8, 2016). It is clear the statute lists alternative elements, not means, and is divisible. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Therefore, because the statute is broader than the ACCA use of force clause, and lists alternative elements, the Court must apply the modified categorical approach to determine if Petitioner remains an armed career criminal.

Under the modified categorical approach, the Court may look at the indictment, jury instructions, or plea agreement and colloquy, to determine what crime, with what elements, of which a defendant was convicted. *Id*. These documents are not currently in the record. Therefore,

the Court will set this matter for oral argument to determine on which element his first degree robbery conviction rests and to determine whether Petitioner remains an armed career criminal.

Accordingly,

**IT IS HEREBY ORDERED** that the judgment entered on November 23, 2016, is **VACATED**. The parties shall appear before the Court on March 15, 2017, at 9:00 a.m. for oral argument. Defendant need not be present at this hearing.

So Ordered this 7th day of March, 2017.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**